## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

TERRANCE BELL,

**Plaintiff,**

v.                                                                          **No. 24-cv-02476-TLP-cgc**

XPO LOGISTICS,

**Defendant.**

---

### REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05[1], is the instant case. The matter was initiated by Plaintiff on July 2, 2024. On that date, Plaintiff filed his complaint and moved for leave to proceed *in forma pauperis*. (D.E. # 1 and 2) On August 5, 2024 an order was entered by U.S. District Judge Thomas L. Parker denying the motion and directing Plaintiff to pay the filing fee. (D.E. # 7) On September 4, 2024 Plaintiff paid the filing fee. (D.E. # 8) No further action has been taken by Plaintiff in this case.

On February 17, 2026, an order to show cause (D.E. # 9) was entered directing Plaintiff to show cause within fourteen (14) days of entry of the order why this case should not be dismissed for lack of prosecution. To date, no response to the Order to Show Cause has been filed. Plaintiff

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 9, PageID 19)  The Order to Show Cause was served on Plaintiff by Certified Mail, return receipt requested.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.  It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting his case.  There has been no meaningful activity by Plaintiff since he paid the filing fee on September 4, 2024.  As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff.  The Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P.  41(b) and the Court's inherent power.

Signed this 22nd day of April, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**