**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02476-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| XPO LOGISTICS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This is an old case.  Pro se Plaintiff Terrance Bell sued here in July 2024, alleging that Defendant XPO Logistics violated Title VII of the Civil Rights Act of 1964.  (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters.  Plaintiff then moved to proceed in forma pauperis.  (ECF No. 2.)  Judge Claxton denied the Motion in October 2024, finding that Plaintiff had enough monthly income to pay the civil filing fee.  (ECF No. 7.)  Plaintiff paid the fee the following month.  (ECF No. 8.)

But Plaintiff never took any further action to prosecute his case.  So in February 2026, Judge Claxton ordered Plaintiff to show cause within fourteen days as to why she should not recommend dismissal.  (ECF No. 9.)  Plaintiff failed to respond.  And two months later, Judge Claxton issued a Report and Recommendation ("R&R").  (ECF No. 10.)  She recommends that the Court dismiss the Complaint with prejudice for failure to prosecute.  (*Id.*)  The Court adopts the R&R for the reasons below.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Judge Claxton entered her R&R in April 2026.  (ECF No. 10.)  The R&R notified Plaintiff that he had fourteen days to object.  (*Id.*)  But he never objected, and the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in the R&R.  The Court agrees with Judge Claxton that Plaintiff has failed to prosecute his case.  (*See id.* at PageID 22 (analyzing the four factors in *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999)).)  To be sure, dismissing a case with prejudice is a "harsh remedy."  *Knoll*, 176 F.3d at 366–67 (Moore, J., dissenting).  But has failed to respond to Court Orders or take any action here since September 2024.  The Court therefore **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**SO ORDERED**, this 19th day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

2